J-S28014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PERCY ST. GEORGE, | |
| Appellant | No. 1419 EDA 2015 |

Appeal from the PCRA Order April 28, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0403962-1997

BEFORE:  BOWES, LAZARUS AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 12, 2016**

Acting *pro se*, Percy St. George appeals the order entered on April 28, 2015, wherein the trial court dismissed his second PCRA petition as untimely.  We affirm.

On December 2, 1998, a jury convicted Appellant of two counts each of robbery, kidnapping, and false imprisonment, and one count each of possessing instruments of crime and criminal conspiracy in relation to the December 4, 1996 kidnapping and robbery of Felicita Agosto and Larnell Gunby.  Specifically, Appellant and his accomplices kidnapped the two victims at gunpoint while they were driving to work at a check-cashing store.  The conspirators intended to use the victims in order to gain access to the store and rob it.  On April 27, 1999, the trial court imposed ten to twenty

_____
*  Retired Senior Judge assigned to the Superior Court.

years imprisonment. On February 15, 2002, we affirmed the judgment of sentence. **Commonwealth v. St. George**, 797 A.2d 1026 (Pa.Super. 2002) (unpublished memorandum).

On April 10, 2002, Appellant filed a *pro se* PCRA petition. Counsel was appointed but she eventually filed a **Turner/Finley**[1] no-merit letter and sought to withdraw. On April 29, 2004, following proper notice under Pa.R.A.P. 907, the PCRA court dismissed the petition as lacking merit. Appellant did not appeal that order. The PCRA court summarized the remaining procedural history as follows:

> On May 29, 2012, Petitioner filed the instant *pro se* PCRA petition (styled as motion for modification of sentence nunc pro tunc). Pursuant to Pennsylvania Rule of Criminal Procedure 907, Petitioner was served with notice of this court's intention to dismiss his PCRA petition on February 10, 2014. Petitioner filed a response to the court's Rule 907 letter on February 27, 2014. On April 28, 2015, the lower court dismissed his petition without a hearing. The instant notice of appeal was timely filed to the Superior Court on May 8, 2015.

PCRA Court Opinion, 6/11/15, at 1-2.

Initially, we note, "[a]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). "The

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Id***.

Herein, the PCRA court concluded that Appellant's petition was barred by the PCRA time requirements and that Appellant's allegation of a newly-recognized constitutional right did not fall within an exception to the time bar. For the following reasons, we agree.

The time limitations imposed by the PCRA implicate our jurisdiction and they may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010) ("Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition."). Appellant's judgment of sentence became final on March 15, 2002, thirty days after we affirmed on direct appeal and upon the expiration of the period to file a petition for allowance of appeal with our Supreme Court. Accordingly, in order to comply with the time requirements, Appellant's petition had to be filed by March 15, 2003. Appellant filed the instant petition on May 29, 2012; thus, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies, the petition is barred as untimely.

Section 9545 provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously

unknown facts that could not have been ascertained by the exercise of due diligence; and (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545 (b)(1)(i)-(iii). To invoke an exception, the petitioner must plead it and satisfy the burden of proof. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261-62 (Pa. 1999). In addition, any exception must be raised within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Instantly, Appellant fails to assert a specific exception to the PCRA time bar. His central argument is that the trial court imposed an illegal sentence. It is a well-ensconced principle of law that, while a claim implicating the legality of sentence can never be waived, it must be raised in a timely filed PCRA petition or the statute's jurisdictional limitations will prevent the trial court from addressing it. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."); *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa.Super. 2007).

As a secondary issue, Appellant asserts that prior PCRA counsel provided ineffective assistance. Stated plainly, claims of counsel's ineffectiveness cannot be used to salvage an otherwise untimely PCRA. *See Fahy*, *supra* at 223. Moreover, we reject Appellant's insinuation that PCRA counsel's representation was so inept as to be considered tantamount to a

waiver of Appellant's due process rights. He asserts that, as a first-time PCRA petitioner, he should have been afforded meaningful representation, which counsel failed to provide when she submitted a no-merit letter and sought to withdraw her representation. This contention implicates aspects of our Supreme Court's holding in **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007).

In **Bennett**, our Supreme Court addressed whether a PCRA petitioner's allegation that he recently discovered that PCRA counsel had abandoned him during his appeal from the order denying his timely first PCRA petition permitted him to circumvent the PCRA time bar under § 9545(b)(1)(ii). The Supreme Court first explained that § 9545(b)(1)(ii) is triggered "when the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." **Id**. at 1270 (quoting 42 Pa.C.S. § 9545(b)(1)(ii)). It then concluded that where a petitioner pleads and proves both components of this exception, the PCRA court has jurisdiction over the claim.

In reaching its determination that the petitioner was entitled to assert the previously-unknown-fact exception to the PCRA time limitations, the High Court stressed the significance of the difference between a specific allegation that PCRA counsel abandoned a petitioner and a general allegation that PCRA counsel provided ineffective assistance. **See Bennett**, **supra** at 1272-1274. The Court then reiterated that the alleged discovery of the

- 5 -

latter form of ineffectiveness was not grounds for circumventing the § 9545 time restrictions. *Id*. at 1272; *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) ("In sum, a conclusion that previous counsel was ineffective is not the type of after-discovered evidence encompassed by the exception"). However, analogizing a PCRA petitioner's rule-based right to a counseled first petition to a criminal defendant's Sixth Amendment right to counsel during criminal proceedings, the Supreme Court reasoned that § 9545 could not be applied to preclude review of a previously unknown claim alleging the complete denial of the assistance of counsel during the appeal from the order denying the first PCRA petition. Accordingly, the *Bennett* Court held that the petitioner's allegations fell within the previously-unknown-fact exception to the time bar, and it remanded the matter for this Court to determine whether counsel's abandonment was unknown to the petitioner and could not have been ascertained through due diligence.

Unlike the defendant in *Bennett*, however, Appellant did not invoke the previously-unknown-fact exception to the PCRA's time requirements pursuant to § 9545(b)(1)(ii) or even attempt to assert that he was abandoned by prior PCRA counsel. Instead of framing an exception under § 9545(b)(1)(ii), Appellant's claim appears to challenge PCRA counsel's stewardship in assessing the merits of his first petition and in seeking to

withdraw from representation pursuant to **Turner** and **Finley**.[2]  Thus, the concerns underlying our Supreme Court's rationale in **Bennett** are absent herein.

Having found that Appellant's second PCRA petition was untimely filed and that no exceptions to the statutory time bar apply, we affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2016

---

[2] To the extent that Appellant possessed viable challenges to the propriety of PCRA counsel's petition to withdraw or the PCRA court's **Turner/Finely** analysis, his remedy would have been to appeal the order dismissing his first PCRA petition.  He did not appeal that order, and he cannot resurrect these assertions in a subsequent petition.